IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN K. MASON, as Administrator of the ESTATE OF MONIQUE N. MASON, | : <br> : NO. 1: 14-CV-1680 <br> : MAGISTRATE JUDGE CARLSON |
| Plaintiff | : <br> : |
| v. | : *Electronically Filed* <br> : |
| COUNTY OF DAUPHIN, <br> DOMINICK DEROSE, INDIVIDUALLY, <br> AND IN HIS OWN CAPACITY AS <br> WARDEN OF THE DAUPHIN COUNTY <br> PRISON, <br> DAUPHIN COUNTY BOARD OF <br> COMMISSIONERS, PRIMECARE <br> MEDICAL, INC. d/b/a PRIMECARE <br> MEDICAL and <br> CARL A. HOFFMAN, JR., D.O., | : <br> : <br> : <br> : <br> : CIVIL ACTION - LAW <br> : <br> : <br> : <br> : <br> : |
| Defendants | : JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

1.     Plaintiff, Susan K. Mason, mother of Monique N. Mason, deceased, is an adult individual who resides in Harrisburg, Dauphin County, Pennsylvania.

2.     Plaintiff, Susan K. Mason, is the Administrator of the Estate of her daughter, Monique N. Mason, by virtue of Letters of Administration that were duly granted her by the Register of Wills of Dauphin County, Pennsylvania.

1

3.    Jurisdiction is based on 42 U.S.C. § 1983, a civil rights action, jurisdiction is proper in this Court pursuant to 28 U.S.C.A. § 1331.

4.    Plaintiff brings this action for violation of Decedent's rights under the 8th Amendment to the United States Constitution made applicable to the States by the 14th Amendment to the United States Constitution for deliberate and reckless indifference to the medical needs of Monique Mason, deceased.

5.    Defendant, the County of Dauphin, (hereinafter Dauphin County), is a County within the State of Pennsylvania located and doing business in the city of Harrisburg, Pennsylvania.    It is believed and therefore averred that Defendant Dauphin County oversees the operation and function of the Dauphin County Prison and its agents, apparent agents, servants and/or employees.

6.    Plaintiff is asserting a professional liability claim against this Defendant by virtue of the actions and/or inactions of its agents, apparent agents, servants and/or employees who were involved in the management, treatment, and care of decedent, Monique N. Mason, from November 21, 2011 to March 2, 2013 and were acting under color of State law.  A Certificate of Merit is attached hereto.

7.    Defendant, Dominick DeRose, Individually and in his Capacity as Warden of the Dauphin County Prison, (hereinafter Defendant DeRose), was, at all times relevant to this Complaint, an employee, agent and/or apparent agent of Dauphin County Prison located at 501 Mall Road, Harrisburg, Dauphin County,

2

Pennsylvania 17111, and is the person who was acting under color of State law within the meaning of 42 U.S.C. § 1983. Defendant DeRose is charged with the control and supervision of all guards employed within the prison. As such, he was responsible for the training, supervision, direction, procedures and conduct of all guards and was responsible for the health, safety, and adequate medical treatment of inmates within the Dauphin County Prison.

8.    At all times relevant hereto, Defendant, DeRose, was responsible for creating and executing policies to ensure the safety, health, and availability and provision of adequate medical treatment to all inmates within Dauphin County Prison. Accordingly, Defendant, DeRose, was responsible for formulating and implementing jail guard procedures to protect the safety, health, availability and provision of adequate medical treatment to inmates.

9.    At all times relevant hereto, Defendant, DeRose, represented the legal authority and official policy of Dauphin County Prison pertaining to guard actions, duties, responsibilities, training, procedures and supervision, regarding the safety, health, availability and provision of adequate medical treatment of inmates. As such, Defendant DeRose acted under color of State law in those regards. Plaintiff is asserting a professional liability claim against this Defendant. A Certificate of Merit is attached hereto.

3

10.    Defendant, Dauphin County Board of Commissioners, (hereinafter Dauphin County Board of Commissioners), is a Pennsylvania domestic non-profit, non-stock corporation qualified to do business and doing business in Harrisburg, Dauphin County, Pennsylvania.  It is believed and therefore averred that Defendant, Dauphin County Board of Commissioners oversees the operation and function of Dauphin County Prison.

11.    Plaintiff is asserting a professional liability claim against this Defendant by virtue of the actions and/or inactions of its agents, apparent agents, servants and/or employees who were involved in the management, treatment, and care of Monique N. Mason from November 21, 2011 to March 2, 2013.  A Certificate of Merit is attached hereto.

12.    Defendant, PrimeCare Medical, Inc. d/b/a PrimeCare Medical, (hereinafter PrimeCare Medical), is currently and was at all times relevant to this Complaint, a business corporation created under the Commonwealth of Pennsylvania for the purpose of ensuring the availability and provision of medical care at prison institutions, such as Dauphin County Prison.  Accordingly, Defendant PrimeCare Medical, acts as an agent, servant, employee and/or subordinate of the local state agency, Dauphin County Prison.

13.    Plaintiff is asserting a professional liability claim against this Defendant by virtue of the actions and/or inactions of its agents, apparent agents,

4

servants and/or employees who were involved in the management, treatment, and care of Monique N. Mason from November 21, 2011 to March 2, 2013. A Certificate of Merit is attached hereto.

14.    Defendant Carl A. Hoffman, JR, D.O. (hereinafter "Defendant Hoffman") is currently and was at all times relevant to this Complaint, a physician licensed to practice medicine in the Commonwealth of Pennsylvania, specializing in osteopathic medicine, and an employee, servant, agent and/or apparent agent of Defendant PrimeCare Medical and Dauphin County Prison, both located in Harrisburg, Dauphin County, Pennsylvania.  Plaintiff is asserting a professional liability claim against this Defendant.  A Certificate of Merit is attached hereto.

15.    Each of the above-listed Defendants was acting under color of state law for their work with the Dauphin County Prison.

16.    The facts and occurrences hereinafter related took place between November 21, 2011 and March 5, 2013.

17.    Plaintiff's Decedent was, at all times relevant to this Complaint, incarcerated in the Dauphin County Prison and under the control of prison officials, including the Warden, Defendant DeRose.

18.    Defendants acted with reckless and deliberate indifference to Decedent's medical needs in violation of her civil rights as set forth more fully below.

5

19.    As a result of the actions and/or inactions of the named Defendants, Monique Mason died on March 5, 2013.

20.    At the time of her incarceration, prison authorities, including Warden Defendant DeRose, Defendant Carl A. Hoffman, D.O., PrimeCare Medical Director and Defendant PrimeCare Medical, and its employees, agents and servants at Dauphin County Prison, were aware that decedent Monique N. Mason had been diagnosed on April 28, 2011 with a colloid cyst in the third ventricle of her brain, small lateral ventricles, calcification of the pineal gland as well as possible Chiari malformation.

21.    A colloid cyst is a non-cancerous growth that can increase in size which can cause subsequent symptoms such as headaches, dizziness and sometimes death.

22.    Prison officials were aware that on October 12, 2011, Decedent Monique Mason had been diagnosed, via MRI, by Dr. Stephen Powers with small lateral ventricles, swollen brain symptoms and severe headaches, including intermittent episodes of pre-syncope.

23.    From about November 21, 2011 until March 2, 2013 the above Defendants were aware or should have been aware through their intake procedure and their knowledge of Decedent's prior treatment, of her diagnosis of a Colloidal cyst and small ventricles as set forth in the records of the Dauphin County prison.

24.    On or about November 21, 2011, Defendant PrimeCare Medical noted in their intake records of Decedent that she had a cyst in the brain and anemia. There was an authorization for Dr. Powers and she had severe iron deficiency, anemia and Menorrhagia.

25.    On December 15, 2011, Defendant PrimeCare Medical noted that Decedent's headaches were recurring more frequently, she was light-headed when she got out of bed and that she had a history of a colloid cyst.

26.    On July 10, 2012, Defendant PrimeCare Medical was aware that she had a severe headache and noted at that time that she was diagnosed with "cyst in the brain March (sic) 2011."

27.  On January 25, 2013, it was noted that she suffered no injuries from a "J Block Incident." It is believed and therefore averred that this incident involved syncope, a symptom of brain swelling.

28.    On February 25, 2013, Defendant PrimeCare Medical noted that she was suffering from headaches which they attributed to migraines and prescribed Topomax. Despite their knowledge of Monique N. Mason's condition, Defendant PrimeCare Medical had no protocols, rules or procedures in place to assess, refer or treat neurological problems such as Monique N. Mason's.

29.    Despite their knowledge of decedent's underlying condition, Defendant PrimeCare Medical had no protocols or procedures in place to require

7

assessment or referral to a specialist of an inmate such as Monique N. Mason who suffered syncopal episodes of unknown origin.

30.    On February 27, 2013, the above named defendants were aware that Decedent suffered a syncopal episode which rendered her unresponsive; although she was able to be aroused at the time of medical care.

31.    On or about March 2, 2013, decedent Monique Mason was found on the floor by her bunk, unresponsive.

32.    The Dauphin County Prison noted in their records, "Inmate found on floor by her bunk. CPR started O2 call emergency services."

33.    Medical staff attempted to resuscitate decedent but she remained unresponsive and was transferred by ambulance to Harrisburg Hospital.

34.    On or about March 5, 2013, decedent Monique Mason was declared brain dead, one (1) day before her 32nd birthday.

35.    An autopsy showed pressure, severe brain swelling and brain herniation as a result of hydrocephalus caused by her underlying colloidal cyst and possible Chiari malformation.

36.    The cause of death was listed as complications of hypoxic encephalopathy and cerebral edema.

37.    Decedent Monique Mason left behind two (2) minor children at the time of her death.

8

38.    Monique Mason reported severe and worsening headaches to the Dauphin County Prison medical staff, also believed to be Defendant PrimeCare Medical staff, on numerous occasions prior to March 2, 2013.

39.    The response of the Defendants was to give anti-migraine medication and Motrin without referral to a neurologist despite her known brain anomalies.

40.    The Defendants were aware that the colloid cyst needed to be followed periodically by neurologists and/or neurosurgeons, but had no protocols, rules or procedures in place to have patients such as Monique N. Mason referred to a specialist in a timely fashion.

41.    Despite these accelerating symptoms, the Defendants took no action to determine the cause of her condition or to obtain effective and adequate medical treatment for decedent.

## COUNT I

### SUSAN K. MASON, AS ADMINISTRATOR OF THE ESTATE OF MONIQUE N. MASON, DECEASED, V. PRIMECARE MEDICAL, INC. d/b/a PRIMECARE MEDICAL

42.    Paragraphs 1 through 41 of this Complaint are incorporated herein by reference as if set forth at length.

43.    It is assumed, and therefore averred that Defendant PrimeCare Medical, was at all times relevant to this Complaint, acting as an agent, apparent agent, servant, and/or employee of the Dauphin County Prison and is liable to Plaintiff's

decedent for all injuries and damages alleged herein which were directly and proximately caused by deliberate indifference to her known medical condition, resulting in her death by:

(a)    Failing to appropriately respond to Monique Mason's medical condition and history by providing appropriate neurological or neurosurgical monitoring of her colloidal cyst;

(b)    Failing to order or obtain radiological studies of Monique Mason's brain given her history and symptoms;

(c)    Ignoring the obvious condition of Decedent's colloid cyst and possible Chiari malformation and the potential for causing hydrocephalus.

(d)    Failing to investigate in order to make an informed decision about her medical condition by failing to contact her previous outside medical providers and by failing to have her examined neurologically by a qualified physician.

(e)    Failing to provide consultation and treatment for these conditions even when Decedent had obvious signs of neurological problems including severe headaches and syncope.

(f)    Failing to order hospitalization and evaluation of Monique Mason's symptoms when she became unresponsive on February 27, 2013;

(g) Delaying treatment and care for her condition which did not allow for proper diagnosis and treatment;

(h) Failing to make appropriate medical judgments by qualified medical personnel; and

(i) Failing to have in place proper protocols, rules or procedures for the referral of persons with brain anomalies, frequent headaches and episodes of syncope to a specialist.

44. As a result of the aforesaid, Monique Mason was deprived of her rights pursuant to the 8th Amendment of the United States Constitution and was given cruel and unusual punishment resulting in her death.

45. As a direct and proximate result of the inaction of Defendant PrimeCare Medical, Inc., d/b/a PrimeCare Medical, as alleged herein, Plaintiff's decedent, Monique N. Mason, sustained injuries and damages as set forth above, which are incorporated by reference as if set forth at length, and claim is made therefor.

WHEREFORE, Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, demands judgment against Defendant PrimeCare Medical, Inc. d/b/a PrimeCare Medical, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT II

## SUSAN K. MASON, AS ADMINISTRATOR OF THE ESTATE OF MONIQUE N. MASON, DECEASED, V. CARL A. HOFFMAN, JR., D.O.

46.    Paragraphs 1 through 45 of this Complaint are incorporated herein by reference as if set forth at length.

47.    It is assumed, and therefore averred that Defendant Hoffman, was at all times relevant to this Complaint, acting as an agent, apparent agent, servant, and/or employee of Defendant PrimeCare Medical Inc. d/b/a PrimeCare Medical and is liable to Plaintiff's decedent for all injuries and damages alleged herein which were directly and proximately caused by its violation of her civil rights in paragraph 43 above.

48.    As a result of the aforesaid, Monique Mason was deprived of her rights pursuant to the 8th Amendment of the United States Constitution and was given cruel and unusual punishment resulting in her death.

49.    As a direct and proximate result of the inaction of Defendant Hoffman, as alleged herein, Plaintiff's decedent, Monique N. Mason, sustained injuries and damages as set forth above, which are incorporated by reference as if set forth at length, and claim is made therefor.

WHEREFORE, Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, demands judgment against Defendant Carl A. Hoffman, JR.,

D.O., for damages in an amount in excess of Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs, and in excess of any jurisdictional

amount requiring compulsory arbitration.

## COUNT III

### VICARIOUS LIABILITY

### SUSAN K. MASON, AS ADMINISTRATOR OF THE ESTATE OF MONIQUE N. MASON, DECEASED, V. DOMINICK DEROSE, INDIVIDUALLY AND IN HIS CAPACITY, AS THE WARDEN OF DAUPHIN COUNTY PRISON

50.     Paragraphs 1 through 49 of this Complaint are incorporated herein by

reference as if set forth at length.

51.     Defendant Dominick DeRose, is vicariously liable for the negligence

and careless acts of his employees, agents and servants, namely, PrimeCare Medical,

Inc. d/b/a PrimeCare Medical and Carl A. Hoffman, Jr., D.O., and is liable to

Plaintiff's decedent for all injuries and damages alleged herein which were directly

and proximately caused by their violation of her civil rights listed in Paragraphs 43

and 47 above.

52.     As a result of the aforesaid, Monique Mason was deprived of her rights

pursuant to the 8th Amendment of the United States Constitution and was given cruel

and unusual punishment resulting in her death.

13

53.    As a direct and proximate result of the negligence of Defendant DeRose, as alleged herein, Plaintiff's decedent, Monique N. Mason, sustained injuries and damages resulting in death as set forth above, which are incorporated by reference as if set forth at length, and claim is made therefor.

WHEREFORE, Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, demands judgment against Defendant Dominick DeRose, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT IV

## VICARIOUS LIABILITY

## SUSAN K. MASON, AS ADMINISTRATOR OF THE ESTATE OF MONIQUE N. MASON, DECEASED, V. COUNTY OF DAUPHIN

54.    Paragraphs 1 through 53 of this Complaint are incorporated herein by reference as if set forth at length.

55.    Defendant County of Dauphin, is vicariously liable for the negligence and careless acts of its employees, agents and servants, namely, PrimeCare Medical, Inc. d/b/a PrimeCare Medical and Carl A. Hoffman, Jr., D.O., and is liable to Plaintiff's decedent for all injuries and damages alleged herein which were directly

and proximately caused by its violation of her civil rights listed in Paragraphs 43 and 47 above.

56.    As a result of the aforesaid, Monique Mason was deprived of her rights pursuant to the 8th Amendment of the United States Constitution and was given cruel and unusual punishment resulting in her death.

57.    As a direct and proximate result of the negligence of Defendant County of Dauphin, as alleged herein, Plaintiff's decedent, Monique N. Mason, sustained injuries and damages resulting in death as set forth above, which are incorporated by reference as if set forth at length, and claim is made therefor.

WHEREFORE, Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, demands judgment against Defendant County of Dauphin, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

## COUNT V

### VICARIOUS LIABILITY

### SUSAN K. MASON, AS ADMINISTRATOR OF THE ESTATE OF MONIQUE N. MASON, DECEASED, V. DAUPHIN COUNTY BOARD OF COMMISSIONERS

58.    Paragraphs 1 through 57 of this Complaint are incorporated herein by reference as if set forth at length.

15

59.    Defendant Dauphin County Board of Commissioners, at all times relevant to this Complaint, were acting through their agents, apparent agents, servants, and/or employees, and are vicariously liable for the negligence and careless acts of their employees, agents and servants, namely, PrimeCare Medical, Inc. d/b/a PrimeCare Medical and Carl A. Hoffman, Jr., D.O., and are liable to Plaintiff's decedent for all injuries and damages alleged herein which were directly and proximately caused by its violation of her civil rights listed in Paragraphs 43 and 47 above.

60.    As a result of the aforesaid, Monique Mason was deprived of her rights pursuant to the 8th Amendment of the United States Constitution and was given cruel and unusual punishment resulting in her death.

61.    As a direct and proximate result of the negligence of Defendant Dauphin County Board of Commissioners, as alleged herein, Plaintiff's decedent, Monique N. Mason, sustained injuries and damages resulting in death as set forth above, which are incorporated by reference as if set forth at length, and claim is made therefor.

WHEREFORE, Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, demands judgment against Defendant Dauphin County Board of Commissioners, for damages in an amount in excess of Seventy-Five Thousand

Dollars ($75,000.00), exclusive of interest and costs, and in excess of any

jurisdictional amount requiring compulsory arbitration.

## CLAIM I – SURVIVAL ACTION

**SUSAN K. MASON, AS ADMINISTRATOR OF THE ESTATE OF MONIQUE N. MASON, DECEASED V. PRIMECARE MEDICAL, INC. d/b/a PRIMECARE MEDICAL, CARL A. HOFFMAN, JR., D.O., DOMINICK DEROSE, INDIVIDUALLY AND IN HIS CAPACITY AS THE WARDEN OF DAUPHIN COUNTY PRISON, COUNTY OF DAUPHIN and DAUPHIN COUNTY BOARD OF COMMISSIONERS**

62.     Paragraphs 1 through 61 and of this Complaint are incorporated herein by reference as if set forth at length.

63.     Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, brings this action on behalf of the Estate of Monique N. Mason, deceased under and by virtue of 42 Pa. C.S.A. §8302.

64.     Defendants and/or their agents, apparent agents, servants, members, partners, owners, co-owners, and/or employees are jointly and severally liable to the Estate of Monique N. Mason for injuries and damages as set forth herein.

65.     Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, deceased, claims on behalf of said Estate all damages suffered by said Estate by reason of the death of the decedent, including the decedent's medical expenses, the pain and suffering the decedent underwent prior to death, the

decedent's loss of earnings and earnings capacity, and for all other damages properly recoverable under 42 Pa. C.S.A. §8302.

WHEREFORE, Plaintiff, Susan K. Mason, as Administrator of the Estate of Monique N. Mason, deceased, and Susan K. Mason, Individually and in her own right, demands judgment against, PrimeCare Medical, Inc. d/b/a PrimeCare Medical and Carl A. Hoffman, JR., D.O., Dominick DeRose, Individually and in his own Capacity as the Warden of Dauphin County Prison, County of Dauphin and Dauphin County Board of Commissioners for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

## CLAIM II – WRONGFUL DEATH

**SUSAN K. MASON, AS ADMINISTRATOR OF THE ESTATE OF MONIQUE N. MASON, DECEASED V. PRIMECARE MEDICAL, INC. d/b/a PRIMECARE MEDICAL, CARL A. HOFFMAN, JR., D.O., DOMINICK DEROSE, INDIVIDUALLY AND IN HIS CAPACITY AS THE WARDEN OF DAUPHIN COUNTY PRISON, COUNTY OF DAUPHIN and DAUPHIN COUNTY BOARD OF COMMISSIONERS**

66.  Paragraphs 1 through 65 of this Complaint are incorporated herein by reference as if set forth at length.

67.  Plaintiff, Susan K. Mason as Administrator of the Estate of Monique N. Mason is the mother of the decedent, Monique N. Mason, and is entitled to bring this wrongful death claim pursuant to 42 Pa. C.S.A. §8301(b).

18

68.    Plaintiff, Susan K. Mason as Administrator of the Estate of Monique N. Mason, brings this action for the wrongful death of Monique N. Mason, deceased on behalf of all persons entitled to recover, therefore under and by virtue of 42 Pa. C.S.A. §8301.

69.    Decedent, Monique N. Mason, did not bring an action for her injuries during her lifetime.

70.    The following are the names of all persons entitled by law to recover damages for such wrongful death and their relationship to the decedent:

|  |  |
|---|---|
| Susan K. Mason (Plaintiff)<br>Harrisburg, PA | Mother |
| K.N.M.<br>Harrisburg, PA | Daughter (Minor) |
| K.J.M.<br>Harrisburg, PA | Son (Minor) |

71.    At the time of her death, Monique N. Mason was 31 years of age.

72.    As a direct and proximate result of the death of Monique N. Mason, her mother and Administrator of her Estate, Susan K. Mason, sustained considerable emotional trauma, as well as pain and suffering, and claim is made therefor.

73.    As a direct and proximate result of the death of Monique N. Mason, her mother, Susan K. Mason and minor children suffered a pecuniary loss, and has been,

and in the future will continue to be, deprived of the decedent's companionship, contribution, services, support, and comfort, and claim is made therefor.

74.  Plaintiff hereby makes a claim for all other damages in which she is entitled under,and by virtue of the Wrongful Death Act, 42 Pa. C.S.A. §8301.

75.  As the result of the death of Monique N. Mason, deceased, Susan K. Mason has incurred medical, funeral, burial, and related expenses, as well expenses for the administration of the decedent's Estate, all of which claim is made therefor.

WHEREFORE, Plaintiff Susan K. Mason, as Administrator of the Estate of Monique N. Mason, deceased, demands judgment against, PrimeCare Medical, Inc. d/b/a PrimeCare Medical and Carl A. Hoffman, JR., D.O., Dominick DeRose, Individually and in his own Capacity as the Warden of Dauphin County Prison, County of Dauphin and Dauphin County Board of Commissioners, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and in excess of any jurisdictional amount requiring compulsory arbitration.

Respectfully,

NAVITSKY, OLSON & WISNESKI, LLP

By:  /s/ Neil J. Rovner_____
        Neil J. Rovner, Esquire
        Attorney ID#: 22108
        2040 Linglestown Road, Suite 303
        Harrisburg, PA 17110
        (717) 541-9205
        nrovner@nowllp.com

Dated:  12/22/14        Counsel for Plaintiff

## **VERIFICATION**

I, Susan K. Mason, as Administrator for the Estate of Monique N. Mason, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the provisions of 18 Pa. C.S. §4904, relating to the unsworn falsification to authorities.


WITNESS

Date: 12/22/2014

Susan K. Mason, As Administrator for
the Estate of Monique N. Mason

Date: 12/22/2014

22

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN K. MASON, as Administrator of the ESTATE OF MONIQUE N. MASON, | : <br> : NO. 1: 14-CV-1680 <br> : MAGISTRATE JUDGE CARLSON |
| Plaintiff | : |
| | : |
| v. | : *Electronically Filed* |
| | : |
| COUNTY OF DAUPHIN, <br> DOMINICK DEROSE, INDIVIDUALLY, <br> AND IN HIS OWN CAPACITY AS <br> WARDEN OF THE DAUPHIN COUNTY <br> PRISON, <br> DAUPHIN COUNTY BOARD OF <br> COMMISSIONERS, PRIMECARE <br> MEDICAL, INC. d/b/a PRIMECARE <br> MEDICAL and <br> CARL A. HOFFMAN, JR., D.O., | : <br> : <br> : <br> : <br> : CIVIL ACTION - LAW <br> : <br> : <br> : <br> : |
| Defendants | : JURY TRIAL DEMANDED |

## Certificate of Merit as to County of Dauphin

I, Neil J. Rovner, Esquire certify that:

( ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

( X ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or

exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

(        ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

_____

Neil J. Rovner, Esquire

Dated:  December 21, 2014

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN K. MASON, as Administrator of the ESTATE OF MONIQUE N. MASON, | : |
| | : NO. 1: 14-CV-1680 |
| | : MAGISTRATE JUDGE CARLSON |
| Plaintiff | : |
| | : |
| v. | : *Electronically Filed* |
| | : |
| COUNTY OF DAUPHIN, | : |
| DOMINICK DEROSE, INDIVIDUALLY, | : |
| AND IN HIS OWN CAPACITY AS | : |
| WARDEN OF THE DAUPHIN COUNTY | : |
| PRISON, | : CIVIL ACTION - LAW |
| DAUPHIN COUNTY BOARD OF | : |
| COMMISSIONERS, PRIMECARE | : |
| MEDICAL, INC. d/b/a PRIMECARE | : |
| MEDICAL and | : |
| CARL A. HOFFMAN, JR., D.O., | : |
| Defendants | : JURY TRIAL DEMANDED |

### Certificate of Merit as to Dominick DeRose, Individually and in his own capacity as the Warden of Dauphin County Prison

I, Neil J. Rovner, Esquire, certify that:

( X ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

( ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an

25

appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

(        ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

_____

Neil J. Rovner, Esquire

Dated: December ___, 2014

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN K. MASON, as Administrator of | : |
| the ESTATE OF MONIQUE N. MASON, | : NO.  1: 14-CV-1680 |
| | : MAGISTRATE JUDGE CARLSON |
| Plaintiff | : |
| | : |
| v. | : *Electronically Filed* |
| | : |
| COUNTY OF DAUPHIN, | : |
| DOMINICK DEROSE, INDIVIDUALLY, | : |
| AND IN HIS OWN CAPACITY AS | : |
| WARDEN OF THE DAUPHIN COUNTY | : |
| PRISON, | : CIVIL ACTION - LAW |
| DAUPHIN COUNTY BOARD OF | : |
| COMMISSIONERS, PRIMECARE | : |
| MEDICAL, INC. d/b/a PRIMECARE | : |
| MEDICAL and | : |
| CARL A. HOFFMAN, JR., D.O., | : |
| Defendants | : JURY TRIAL DEMANDED |

## <u>Certificate of Merit as to Dauphin County Board of Commissioners</u>

I, Neil J. Rovner, certify that:

( ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

( X ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this

27

defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

(        ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

_____
Neil J. Rovner, Esquire

Dated:  December ___, 2014

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


SUSAN K. MASON, as Administrator of          :
the ESTATE OF MONIQUE N. MASON,              : NO.  1: 14-CV-1680
                                             : MAGISTRATE JUDGE CARLSON
                    Plaintiff                :
                                             :
           v.                                : *Electronically Filed*
                                             :
COUNTY OF DAUPHIN,                           :
DOMINICK DEROSE, INDIVIDUALLY,               :
AND IN HIS OWN CAPACITY AS                   :
WARDEN OF THE DAUPHIN COUNTY                 :
PRISON,                                      : CIVIL ACTION - LAW
DAUPHIN COUNTY BOARD OF                      :
COMMISSIONERS, PRIMECARE                     :
MEDICAL, INC. d/b/a PRIMECARE                :
MEDICAL and                                  :
CARL A. HOFFMAN, JR., D.O.,                  :
                    Defendants               : JURY TRIAL DEMANDED

## Certificate of Merit as to PrimeCare Medical, Inc. d/b/a PrimeCare Medical

I, Neil J. Rovner, certify that:

( X) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

(    ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that

29

is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

(      ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

_____
Neil J. Rovner, Esquire

Dated:  December ____, 2014

30

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN K. MASON, as Administrator of<br>the ESTATE OF MONIQUE N. MASON,<br><br>Plaintiff<br><br>v.<br><br>COUNTY OF DAUPHIN,<br>DOMINICK DEROSE, INDIVIDUALLY,<br>AND IN HIS OWN CAPACITY AS<br>WARDEN OF THE DAUPHIN COUNTY<br>PRISON,<br>DAUPHIN COUNTY BOARD OF<br>COMMISSIONERS, PRIMECARE<br>MEDICAL, INC. d/b/a PRIMECARE<br>MEDICAL and<br>CARL A. HOFFMAN, JR., D.O.,<br>Defendants | : NO. 1: 14-CV-1680<br>: MAGISTRATE JUDGE CARLSON<br>:<br>:<br>: *Electronically Filed*<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION - LAW<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## **Certificate of Merit as to Carl A. Hoffman, JR., D.O.**

I, Neil J. Rovner, certify that:

( X ) an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; AND/OR

(  ) the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or

31

exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; OR

(        ) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

_____
Neil J. Royner, Esquire

Dated:  December ___21___, 2014

## CERTIFICATE OF SERVICE

I, hereby certify on the 22nd day of December, 2014, that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Frank J. Lavery, Esquire
Sunshine J. Thomas, Esquire
Lavery Faherty Patterson
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108


John R. Ninosky, Esquire
Johnson Duffie Stewart & Weidner
301 Market Street
P.O. Box 109
Lemoyne, PA 17043
        *Attorney for all Defendants*


                                        /s/ *Neil J. Rovner*
                                        Neil J. Rovner, Esquire


Date: 12/22/14